No. 19,735.

THE KANSAS CITY BREWERIES COMPANY, *Appellee*, v. THE CITY OF KANSAS CITY, KANSAS, C. W. GREEN, as Mayor, etc., and W. W. GORDON, as Chief of Police, etc., *Appellants*.

SYLLABUS BY THE COURT.

1. CITIES OF FIRST CLASS. A city of the first class has capacity to sue and be sued.

2. INTOXICATING LIQUORS—*Common Nuisance—Petition States Cause of Action.* A cross-petition filed by a defendant city, which cross-petition states that the plaintiff is doing certain specific acts, which acts are in violation of the intoxicating-liquor laws of this state and the ordinances of the defendant city, and which constitute a common nuisance as defined by the law of the state and the ordinances of the city, and asks for an injunction against the doing of these acts, states a cause of action.

3. SAME—*When Prosecution Must be in Name of State.* An action prosecuted by the mayor and the chief of police of a city to enjoin and abate a liquor nuisance must be prosecuted by them as citizens of the county and in the name of the state.

4. SAME—*City May Prosecute Suit to Abate Liquor Nuisance.* Any city of this state may prosecute an action to enjoin and abate an intoxicating-liquor nuisance operating within its limits.

5. SAME—*Moving Vehicle May Become a Common Nuisance.* A vehicle moving about from one place in the city to another while engaged in selling intoxicating liquors, in violation of law and of the ordinances of the city, is a "place" within the meaning of section 4387 of the General Statutes of 1909 and of city ordinances which prohibit nuisances as defined in that statute.

6. SAME—*Imported Liquors—When Not Interstate Commerce.* Intoxicating liquors brought into this state from another state and intended by those who send it or those who receive it to be used in violation of the law of this state are not articles of interstate commerce.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed December 11, 1915. Affirmed in part and reversed in part.

*R. J. Higgins,* and *W. H. McCamish,* both of Kansas City, for the appellants.

*R. J. Ingraham, L. E. Durham, A. H. Morse,* all of Kansas City, Mo., and *T. A. Pollock,* of Kansas City, for the appellee.

The opinion of the court was delivered by .

MARSHALL, J.: The court sustained a demurrer to the defendants' cross-petition. From this the defendants appeal. The plaintiff commenced the action to obtain an injunction against the defendants to restrain them from interfering with the plaintiff's interstate commerce in beer, alleged to be sold in Missouri to residents of Kansas City, Kan., in original packages, for the personal use of the purchasers, delivered by the plaintiff from its breweries in Missouri to customers at their residences in that city. The cross-petition in substance alleges that the plaintiff is unlawfully selling and delivering intoxicating liquors in Kansas City, Kan.; that it is taking orders in that city for intoxicating liquors to be delivered therein, and making deliveries pursuant to such orders, collecting the purchase price thereof at the time of delivery; that these things are done with the intent to violate the ordinances of the city; that the plaintiff hauls the intoxicating liquors into the city for sale and delivery on vehicles with beer advertisements thereon and with the cargoes exposed to view; that under the pretense of engaging in interstate commerce the plaintiff connived at and assisted in violating ordinances passed to suppress the traffic in intoxicating liquor; that those who violate such ordinances draw their supply of intoxicating liquor from these vehicles; that the distribution of intoxicating liquors in the city by the plaintiff under its contracts of sale is a violation of these ordinances and a common nuisance under the ordinance which prohibits any person from maintaining or assisting in

maintaining places where intoxicating liquors are sold in viola-
tion of law, or where persons resort for the purpose of drink-
ing intoxicating liquors as a beverage, or where intoxicating
liquors are kept for sale or delivery in violation of law; that the
plaintiff's business is conducted as a common nuisance; and
prays that the plaintiff, its agents, servants and employees, be
restrained and enjoined from carrying on the business of dis-
tributing intoxicating liquors within the city, and from engag-
ing in or transacting any business within the state of Kansas,
and from using any personal property in this state for the pur-
pose of distributing intoxicating liquors, and from in any way
violating any of the ordinances of the city.

The plaintiff demurred to the defendants' cross-petition on
the following grounds: First, that the defendants and neither
of them have any legal capacity to sue; second, that several
causes of action are improperly joined in the cross-petition;
and third, that the cross-petition does not state facts sufficient
to constitute a cause of action against the plaintiff in favor of
the defendants or any one or more of the defendants. This de-
murrer was sustained as to the first and third grounds thereof.

1. Did the defendants, or either of them, have any legal
capacity to sue? The capacity to sue and be sued run together.
In this state cities of the first class are given express authority
to sue and be sued.    (Gen. Stat. 1909, §§ 866, 1214.)    Ordi-
narily, if a suit can be entertained against a person or organi-
zation, it has capacity to sue. The contention, if there is such
contention, that defendants C. W. Green and W. W. Gordon do
not have legal capacity to sue is without merit. This ground
of demurrer was not well taken, and should have been over-
ruled.

2. By section 4387 of the General Statutes of 1909 certain
places are declared to be common nuisances, penalties are pro-
vided, and provision is made for the abatement of such nui-
sances by injunction. By section 4395 cities are empowered to
provide by ordinance for the suppression of such nuisances.
Under this power Kansas City, Kan., passed an ordinance pro-
viding:

"That it shall be unlawful for any person to maintain or assist in
maintaining any place where intoxicating liquors are manufactured,
sold, bartered or given away in violation of law within the city of Kansas

City, Kansas, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of law."

The cross-petition alleges that the plaintiff is doing certain specific acts, which acts violate the laws of this state and the ordinances of the city and which constitute a nuisance as defined by the law of this state and the ordinances of the city. A petition which alleges that these things are being done, and asks for an injunction to restrain their being done, states a cause of action.

By section 4387 of the General Statutes of 1909 every person who assists in maintaining a common nuisance is liable to the same penalty as though he kept it himself. The ordinance applies as well to those who assist in maintaining a nuisance as to those who maintain it. The petition alleges that the plaintiff assisted in violating the law of the state and the ordinances of the city. It makes no difference whether the plaintiff maintained these places or assisted in maintaining them. An injunction will be granted in either event.

3. While defendants Green and Gordon have capacity to sue, and might maintain an action to enjoin the plaintiff from operating the nuisance with which it is charged in the cross-petition, that action, so far as defendants Green and Gordon are concerned, must be in the name of the state, with the state of Kansas as plaintiff, and must be maintained by them as citizens of Wyandotte county. No cause of action is stated in their favor and the demurrer was rightfully sustained as to them.

4. Section 1056 of the General Statutes of 1909 reads:

"Any city may bring an action to enjoin and abate or prevent any nuisance that exists or is about to be created within the city or within three miles of its corporate limits."

What kind of nuisances are specified by this statute? All kinds. Anything that amounts to a nuisance under the laws of this state comes within the provision of this statute. In *The State v. Rabinowitz*, 85 Kan. 841, 118 Pac. 1040, this court said:

"At the common law acts done in violation of law, or which are against good morals, constitute public nuisances." (Syl. ¶ 1.)

It is argued that because the statute provides a way by which a liquor nuisance may be enjoined and abated and speci-

fies who may maintain the action, the city as a city can not prosecute such a proceeding. We do not agree with this contention. The city may not be authorized to maintain an action in the name of the state to abate and perpetually enjoin a liquor nuisance, but it is specifically authorized in its own name to enjoin and abate any nuisance that exists within the city. This includes liquor nuisances. The defendant city can maintain an action to enjoin a liquor nuisance operating within its limits.

5. What is a "place" as named in the liquor nuisance statute (Gen. Stat. 1909, § 4387) and the ordinances of the cities of this state corresponding therewith? It is any place or thing in or out of which intoxicating liquors may be sold. It may be a railway train moving across the state. It may be a barrel in an alley. (*The State v. Dykes,* 83 Kan. 250, 111 Pac. 179.) It may be a wagon or any other vehicle moving from one part of a city to another. It is not necessary that the place be in a building or in any particular kind of structure. (*The State v. Rabinowitz,* supra.)

6. The Webb-Kenyon act (Part 1, 37 U. S. Stat. at Large, ch. 90, p. 699) in substance provides that intoxicating liquors brought into this state from Missouri, and intended by those who receive them or those who send them to be used in violation of the law of this state, are not articles of interstate commerce, and the protection of the federal constitution is withdrawn from such liquors; and those who handle them are made subject to the penalties provided by the law of this state, without regard to the place where the liquors came from. (*The State v. Railway Co.,* ante, p. 609, 152 Pac. 777.)

There is nothing in *The State, ex rel., v. Brewing Co.,* ante, p. 215, 150, Pac. 568, in conflict with the views herein expressed. In that case the petition failed to allege that the brewing companies were doing any one of the things prohibited by law.

The cross-petition states a cause of action in favor of the city. The judgment of the district court sustaining the demurrer to the city's cross-petition is reversed. The cause is remanded with directions to overrule the demurrer to the cross-petition of the city. The judgment on the demurrer to the cross-petition of defendants Green and Gordon is affirmed.