No. 21,039.

THE STATE OF KANSAS, *Appellee*, v. STEVE ROGL, *Appellant*.

SYLLABUS BY THE COURT.

LIQUOR NUISANCE — *Conviction* — *Sufficient Evidence.* The evidence examined, and held sufficient to sustain a judgment convicting defendant of maintaining a nuisance in violation of the prohibitory law.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed May 12, 1917. Affirmed.

*Arthur Fuller,* and *W. J. True,* both of Pittsburg, for the appellant.

*S. M. Brewster,* attorney-general, and *F. P. Lindsay,* assistant attorney-general, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant was found guilty of maintaining a liquor nuisance and appeals from a judgment sentencing him to six months in jail and a fine of $100.

The state called but one witness, the sheriff who made the arrest and who testified that he saw defendant carrying a keg of beer from a wagon to a dwelling house in one of the mining camps in Crawford county. He found four cases of beer and three empty beer casks in the wagon. When he spoke to the defendant the latter admitted having delivered a keg of beer at that house and claimed that each keg or case had on it a tag with the name of the purchaser. The sheriff testified that he

then asked defendant if he had any receipts, and the defendant said he had none.

The defense called but one witness, the defendant himself, who testified that he was hired by a brewing company of East St. Louis, Ill., to deliver beer upon orders sent from customers in mining camps in Kansas and Missouri; that the customers sent their orders direct to the brewery, which then shipped the beer to its storage house on the Missouri side of the state line, and that the separate casks or cases bore tags showing the names of the purchasers. He testified that his business was to deliver the beer by a wagon and team belonging to the brewery; that he had been employed for this purpose for eleven months and received monthly wages; that he had no interest in the sale of the beer but was employed merely to deliver it. He contradicted the testimony of the sheriff in one respect, and testified that the woman at the house where he delivered the beer in question signed a receipt. The beer, he said, was left there for a miner named Bogena who was then at work in one of the mines.

The main contention is, that the beer was not subject to seizure by the state authorities until after delivery to the consignee, and it having been sold in Missouri, the defendant had the right to deliver it to the purchaser in Kansas and was protected by the "commerce" clause of the federal constitution. In defendant's brief there is a discussion of the law which it is claimed controls this case, and *Kirmeyer v. Kansas*, 236 U. S. 568, and a number of authorities construing the Webb-Kenyon act are cited.

We do not deem it necessary to enter into a consideration of these authorities for the reason that the evidence produced by the state was sufficient to make a *prima facie* case, and unless overcome by that offered in defense must be held sufficient to sustain the judgment. The statute declares that "all places where intoxicating liquors are manufactured, sold, bartered or given away in violation of law, . . . and all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property kept in and used in maintaining such a place, are hereby declared to be common nuisances; and every person who maintains or assists in maintaining such common nuisance shall be guilty," etc. (Gen. Stat. 1915, § 5524.)

In *Breweries Co. v. Kansas City,* 96 Kan. 731, 153 Pac. 523, it was held that a vehicle moving about from one place to another while engaged in selling intoxicating liquors in violation of law is a "place" within the meaning of the foregoing section.

At the close of the evidence introduced by the state it would have been entitled to judgment if the defendant had offered no evidence to overcome the *prima facie* showing. The testimony he did offer was not considered by the jury sufficient to overcome the *prima facie* case against him. His defense was that he was engaged in interstate commerce. Section 4 of what is known as the Mahin law (Laws 1913, ch. 248, Gen. Stat. 1915, §§ 5544-5552) makes it unlawful for any carrier, express company or person to deliver intoxicating liquor to any person other than the consignee, or to deliver even to the consignee without first having such consignee sign and deliver to him a written statement showing the consignee's name and post-office address, and that the consignee is more than twenty-one years of age, and that the package containing the intoxicating liquor was consigned at a certain place on a certain date for the consignee's own use.

The evidence of the state was that the defendant admitted making the delivery without having taken a receipt, and his own testimony is that he delivered it to a person other than the consignee. Although he testified to facts tending to show that he was engaged in interstate commerce, he was obliged to admit that he had not complied with the provisions of the Mahin law, which were designed to prevent the evasion of the prohibitory laws under the guise of interstate commerce. Besides, the verdict of the jury, which has been approved by the trial court, is a finding against him upon the facts.

The judgment is affirmed.