GEORGE SMITH v. STATE.

No. A-8671. June 19, 1934.
Rehearing Denied July 12, 1934.
(34 Pac. [2d] 280.)

104

E. V. Gregory and Morrison, Morrison & Morrison, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and J. H. Lawson, for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Canadian county of having unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $100 and serve 30 days in the county jail.

At the time charged, officers, with a search warrant, made a search of defendant's residence and discovered six pints of alcohol, diluted about one-half with water. They arrested defendant and started to the police station; he suggested they go in his car, which they did. On reaching the police station, they searched the car and discovered two one-gallon cans of alcohol. The charge is for the possession of this alcohol.

The principal contention is that the search warrant was based on an insufficient affidavit and is void, the arrest illegal, and the search of the car incident to the arrest likewise illegal. The trial judge held the search warrant invalid and struck out the testimony in reference to the alcohol found in the residence, but overruled objections to that found in the car. The objection to the search warrant is that the affidavit does not contain a description of the premises searched. The affidavit is very poorly drawn, but it contains the essentials and is a sufficient showing of probable cause to authorize the search warrant. It begins with the usual caption of county and state; is entitled "In the Justice Court"; states it is in the

matter of the search of the premises, setting out a correct description by house number, street, and city, which is also in the search warrant. Following this is the statement of the affiant of the facts showing probable cause. The affidavit contains no further description of the premises, except in one instance it uses the term "the following premises"; in two others it refers to the place as "said premises"; and in another as "the above described premises."

It is the duty of this court to fully uphold section 30, art. 2, of the Constitution, forbidding unlawful searches, and sections 2638 and 2639, Okla. Stat. 1931, limiting and restricting the issuance of search warrants and requiring a showing of probable cause by affidavit as a necessary requisite for search warrant. The affidavit and warrant under these provisions of the Constitution and the law, however, should be construed reasonably and not narrowly and technically. So construed in the instant case, they are valid.

Since this is the only material contention, the appeal is without merit. The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.