KENNER LEE v. STATE.

No. A-10318. July 19, 1944.

(150 P. 2d 766.)

Jesse J. Todd, of Mangum, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Jack Sasseen, Co. Atty., Greer County, of Mangum, for defendant in error.

BAREFOOT, J. Defendant, Kenner Lee, was charged in the county court of Greer county with the crime of unlawful possession of intoxicating liquor, towit: 72 pints of tax-paid whisky; was tried, convicted and sentenced to pay a fine of $50 and to serve 30 days in the county jail, and has appealed.

This charge is the outgrowth of a search of defendant's premises located in Greer county, by Tom Owen, sheriff, under a search warrant issued out of the office of a justice of the peace.

In the execution of the search warrant, three cartons, containing 72 pints of tax-paid whisky, were found by the sheriff and his deputies in the back of defendant's automobile, which was standing on defendant's premises.

The search warrant did not expressly authorize the search of the automobile, in direct terms, but stated, after specifically describing the premises: "* * * including the

residence, barns, sheds, cribs, dugouts, and other outbuildings on said lands and premises and places where * * *" liquor is being possessed by defendant for the purpose of "selling, bartering, giving away and otherwise furnishing intoxicating liquors, * * *" in violation of the prohibition laws of the state.

It is contended by defendant that by reason of the word "automobile" not being mentioned in the search warrant, and the whisky being found therein, that the court erred in refusing to sustain the motion of defendant to quash the search warrant, and in permitting the liquor found by reason thereof to be introduced in evidence.

To place such a construction upon the terms used in the search warrant as above quoted would to our minds be placing a very technical construction thereon. The premises described in the search warrant was farm property, consisting of a number of acres. Defendant had resided there for a number of years. The automobile in which the whisky was found belonged to him. It was standing about 10 or 15 feet from his home. The search warrant used the terms "premises," and "places," and it was evidently intended that all objects located on the premises could be searched under the terms thereof. Kansas City Breweries Co. v. Kansas City, 96 Kan. 731, 153 P. 523; State v. Rogl, 100 Kan. 590, 164 P. 1165. The whisky might have been found in an old stove located on the "premises." Could it, then, be successfully contended that the search was illegal because the term "stove" was not included in the search warrant? Obviously not. Defendant did not testify in the case, and the only evidence introduced by him was the search warrant.

The case of Boardwine v. State, 64 Okla. Cr. 49, 76 P. 2d 1081, decided by this court, is almost similar to the facts here presented. There the search warrant was for

the search of a certain barn or warehouse. No mention was made of an automobile. A large amount of liquor, 5,520 pints, was found in the barn. Eighteen pints of whisky were found in an automobile standing on the same premises. Defendant testified that the 18 pints of whisky found in the automobile belonged to him, but denied the ownership or possession of the 5,520 pints found in the barn or warehouse. It was contended that the evidence obtained under the search warrant, because it did not mention the automobile, should have been suppressed. This contention was not upheld.

The search warrant did not show that it had been filed in the justice court where it was issued, and it is contended that this is error that would cause reversal. It is revealed by the record that the search warrant was introduced in evidence by defendant and not by the state. No complaint or exception was taken to it during the trial of the case. It was not even presented by the motion for new trial, and was first raised in the brief of defendant.

For the reasons above stated, we are of the opinion that the judgment of the county court of Greer county should be affirmed; and it is so ordered.

JONES, P. J., concur. DOYLE, J., not participating.