## JIM HOWE v. STATE.

No. A-10720.   June 4, 1947.

(181 P. 2d 571.)

W. C. Henneberry, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., Dixie Gilmer, County Atty., of Tulsa, for defendant in error.

BAREFOOT, P. J.   Defendant, Jim Howe, was charged in the court of common pleas of Tulsa county with the unlawful possession of intoxicating liquor, to wit: 16 pints of assorted whisky; was tried, convicted and sen-

tenced to pay a fine of $50, and to serve a term of 30 days in the county jail, and has appealed.

The evidence in this case reveals that Deputy Sheriff Roy Raines observed the defendant driving on the streets of Tulsa on October 30, 1945. He saw him park his Plymouth car, tag No. 2-38328 and go into a frame apartment building on Second and Cheyenne streets. Mr. Raines immediately secured a search warrant giving him the authority to search the above-described automobile. He returned within 30 minutes, accompanied by deputies Duggins and Gibson. The defendant had not returned to the car. They searched the automobile and found 16 pints of tax-paid whisky in the compartment of the car behind the seat. The defendant was not present at the time of the search. Deputy Sheriff Gibson corroborated the evidence of Officer Raines. Defendant did not take the witness stand, and offered no evidence.

In his brief defendant cites and quotes Tit. 37 O. S. 1941 § 84, which provides for the issuance of a search warrant when affidavit has been filed showing probable cause. It is his contention that the provision of said statute which states: "commanding him to search the premises described and designated in such complaint and warrant" does not give the right to search an automobile, and that the word "premises" means real property, and not personal property.

This is the first time any such contention has been presented to this court, and we have often held that the search of an automobile was proper under the terms of this statute, when a proper affidavit was presented. Boardwine v. State, 64 Okla. Cr. 49, 76 P. 2d 1081; Lee v. State, 78 Okla. Cr. 441, 150 P. 2d 766. The State of Kansas also follows this rule: Kansas City Breweries Co. v. Kansas

City, 96 Kan. 731, 153 P. 523; State v. Rogl, 100 Kan. 590, 164 P. 1165.

It may be noted that the Oklahoma statute (Tit. 37 O. S. 1941 § 1) not only provides that it is unlawful "to manufacture, sell, barter, give away or otherwise furnish any liquors," etc., but it also provides that it shall be unlawful "to ship, or in any way convey, such liquor from one place within this state to another place therein." Title 37, section 84, provides the procedure for the issuance of a search warrant by "any judge of any court of record or any justice of the peace" where he ascertains that there is probable cause to believe that intoxicating liquor is being "manufactured, sold, bartered, given away, or otherwise furnished, or is being kept" for such purposes "in violation of this act," directed to a proper officer to search "the premises described."

We are of the opinion that it was not the intention of the Legislature, by the use of the word "premises", to limit the authority of officers to search for intoxicating liquor to real property, but that it was the intention of the Legislature to authorize a search of any property where the affidavit to procure the search warrant was in proper form, and with proper description of the property to be searched, whether such property is a building, an automobile, or other personal property.

In the instant case, the search warrant, following the description in the affidavit, described the property to be searched as follows: "A black Plymouth coupe automobile, bearing 1945 Oklahoma license 2-38328, which said automobile is used in storing, secreting and transporting intoxicating liquor." This was a sufficient description of the property to be searched. It required no outside information for the officers to properly identify the prop-

erty. We are of the opinion that the Legislature, under the terms of the statute above mentioned, did not intend by the use of the term "premises," as above mentioned, to prevent the search of an automobile.

In the case of Wagner v. State, 72 Okla. Cr. 393, 117 P. 2d 162, 167, this court said:

"While we have strictly construed the terms of the statute as applied to search warrants, we are of the opinion that there should not be a technical construction of the statute which would defeat the ends of justice and permit the guilty to escape through technicalities."

Defendant further contends that the provision of the statute (Tit. 37 O. S. 1941 § 84) wherein it is stated: "a copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found," very conclusively shows that the provision was intended to permit the search only of a building or room in a building on certain specified premises. We cannot sustain this contention. The reasoning above outlined applies to the construction of this section. The return of the officer revealed that a copy of the search warrant was left in the automobile at the time the search warrant was executed. This, in our opinion, was a sufficient compliance with reference to the service of the warrant as provided by the statute. O'Neal v. State, 65 Okla. Cr. 390, 87 P. 2d 1108.

Finding no error in the record, we are of the opinion that the judgment of the court of common pleas of Tulsa county should be affirmed. It is so ordered.

JONES and BRETT, JJ., concur.