David C. LESLIE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12264.

Criminal Court of Appeals of Oklahoma.

Feb. 1, 1956.

Rehearing Denied March 21, 1956.

Ungerman, Whitebook, Grabel & Ungerman, William Leiter, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, David C. Leslie, was charged by information in the Court of Common Pleas, Tulsa County, Oklahoma with the offense of unlawful possession of fifteen fifths and six pints of assorted federal tax paid whiskies in violation of 37 O.S.1951 § 51. Jury was waived, case tried by the Court, defendant found guilty, and his sentence fixed at thirty days in jail and a fine of one hundred dollars; from which judgment and sentence this appeal has been perfected.

There is but one question in this appeal, the validity of the search and seizure. The affidavit for search warrant and the search warrant, which was a John Doe warrant, described the property to be searched as follows:

"A certain one story dwelling located at 4015 South Urbana said dwelling being partially made of red brick and the rest of red wood. 4015 South Urbana being a street in the City of Tulsa, Tulsa County, Oklahoma, together with the curtilage thereof and the appurtenances thereunto belonging."

It appears that the dwelling house was searched and no whiskey was found. It was stipulated that an automobile, not described in the search warrant but owned by David C. Leslie, sitting on the driveway and within the curtilage of the described premises, was searched and whiskey, not obvious before the search, was found within the automobile. Under these facts, the defendant contends the search of the automobile was neither incident to a lawful arrest, nor pursuant to a legal search warrant for the automobile and therefore was illegal.

Neither counsel for the state nor defendant cite any case directly in point and counsel for the defendant asserted in the oral argument that this was a case of first impression. Our research, however, disclosed that this court heretofore passed squarely upon this question, and it has likewise been passed on by other jurisdictions. In Lee v. State, 78 Okl.Cr. 441, 150 P.2d 766, it was held:

"A search warrant, directed to search specific described home and farm property, * * * was sufficient to cover the automobile of defendant, standing on the premises described, and within 10 to 15 feet of defendant's home."

See also Boardwine v. State, 64 Okl.Cr. 49, 76 P.2d 1081. In Bowdry v. State, 82 Okl.Cr. 119, 166 P.2d 1018, the search warrant described a one story frame yellow dwelling house and out buildings approximately ½ mile north of N.W. 23 and Meridian street and being the first house north on east side of Meridian from 2430 N. Meridian, adjacent to Oklahoma City, Oklahoma County, Oklahoma. In upholding the search of the trailer not described in the search warrant, this court held that the search of the trailer was lawful where it remains within the curtilage. The description herein involved, is far more inclusive than was the description involved in the Bowdry case. In Flowers v. State, 88 Okl.Cr. 252, 202 P.2d 233, 234, wherein

the late Judge Barefoot commented on the Bowdry case, he said, with reference to 22 O.S.1951 § 1221 et seq., providing for the issuance of search warrants permitting the search of premises:

> "In construing the above statute, it has been held that other places coming within the curtilage of the premises to be searched are included in the description."

Under Art. 2, § 30, Oklahoma Constitution, O.S.1951,

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches or seizures shall not be violated * * *."

It has been held in Smith v. State, 56 Okl.Cr. 103, 34 P.2d 280, that the affidavit and warrant, under the provisions of the Constitution and the statutes authorizing the same, should be construed reasonably and not narrowly and technically. Lee v. State, supra.

In Lawson v. State, 176 Tenn. 457, 143 S.W.2d 716, 717, it was held that an automobile sitting on the driveway was appurtenant to the building located on the premises. In the Lawson case, it was pointed out that it was not necessary wherein an automobile was parked on the driveway of the premises, to secure a second search warrant to make a valid search therein since both the premises and the automobile located thereon was included within the first search warrant although the automobile was not expressly described therein. Therein, the Tennessee Court expressly said:

> "While the warrant in this case specifically designated the building on the premises to be searched, we are of opinion that the search of the automobile parked near the building, but on the same premises, cannot be said to be an unreasonable search."

This case went further and said there could be no distinction in objects located on the premises as to whether one was stationary while the other was movable.

Under the conditions presented in the case at bar, and the law applicable thereto, the automobile sitting on the driveway came within the purview of the description herein involved as an object of search.

Affirmed.

JONES, P. J., and POWELL, J., concur.