**Robert Randell ZIEGLER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-73-162.**

Court of Criminal Appeals of Oklahoma.

July 31, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Oklahoma County, Case No. CRF-72-1846, appellant, Robert Randell Ziegler, hereinafter referred to as defendant, on the 17th of August 1972 entered a plea of guilty for the offense of Concealing Stolen Property. His punishment was fixed at two (2) years imprisonment, suspended on his good behavior. On the 16th day of February 1973, appellant's suspended sentence was revoked for violation of the terms of the order granting his suspended sentence. From that order revoking appellant's suspended sentence, a timely appeal has been perfected to this Court.

At the revocation hearing, Irven R. Box testified that on November 17, 1972, he resided at 4024 S. Douglas, Oklahoma City, Oklahoma. At approximately 7:45 a. m. that date he left his house for his office. At the time of his departure the residence was securely locked. Upon his return, he found pry marks about the front door knob with the door latch broken. An inspection of the premises revealed a laundry basket, several belts, a corduroy sports jacket, two children's banks containing coins, jewelry, a .38 caliber Smith and Wesson, and a .22 caliber automatic Beretta had been removed from the premises.

On December 11, 1972, Box and Detective Bliss, of the Oklahoma City Police Department, armed with a search warrant, searched defendant's residence. Their search revealed Box's corduroy jacket and part of one of his belts, both taken at the time his residence was burglarized. In a subsequent interview with defendant conducted by Box at the Oklahoma County Jail, defendant signed a waiver of his Miranda rights and admitted the burglary of Box's residence. Defendant further stated that the two firearms removed from Box's home were sold to two black males. The interview also revealed defendant's admission to sixteen

other residential burglaries. Finally, Box testified that at the time of the interview, defendant was wearing one of the belts removed from his residence on the date of the burglary.

■ Defense counsel submits the evidence is insufficient to support the revocation. With this contention we cannot agree. At the time defendant entered a plea of guilty for the offense of Concealing Stolen Property, the court informed him of the following terms of his suspension:

"1. If you violate any City, State or Federal laws;

2. If you should be in possession of narcotic drugs;

3. If you habitually associate with convicted felons, or with lewd or vicious persons;

4. If you indulge in vicious habits;

5. If you leave the State of Oklahoma without first having received written permission of the Corrections Officer to do so;

6. If you change residence from the address you gave the Corrections Officer, without notifying said officer in writing promptly;

7. If you fail to report in writing to the Corrections Department as directed by them;

8. If you fail to pay the required sum of money each month to the Clerk of this Court as instructed;

9. If you fail to pay the Court costs in the sum of $27.00 on or before September 1, 1972;"

The above quotation from the summary of facts prepared at defendant's plea of guilty is sufficient to provide ample notice of the terms of defendant's suspended sentence. The evidence is legally sufficient to establish the defendant violated the first enumerated condition of suspension. Since the record establishes sufficient evidence upon which the trial court could find defendant violated the terms of his suspended sentence, this Court will not invade the province of the trier of facts in its determination that a violation was present. Therefore, since a study of the record indicates the revocation hearing was conducted in compliance with the rules set forth in In re Collyar, Okl.Cr., 476 P.2d 354 (1970) and Brooks v. State, Okl.Cr., 484 P.2d 1333 (1971) the order revoking defendant's suspended sentence is affirmed.

BUSSEY and BRETT, JJ., concur.