Buddy Gene WARD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O-77-819.

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1978.

John T. Elliott, Public Defender, Robert Al. Ravitz, Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Buddy Gene Ward, hereinafter referred to as defendant, entered a plea of guilty in the District Court, Oklahoma County, Case No. CRF–74–21, on February 28, 1974, to the offense of Operating a Motor Vehicle Under the Influence of Intoxicating Liquor, After Former Conviction of Operating a Motor Vehicle Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902. He was sentenced to a term of three (3) years' imprisonment with the first year to be served and the two remaining years to be suspended. On December 23, 1975, the State filed its application to revoke the suspended sentence. Defendant was arrested on an alias warrant and made an appearance on May 10, 1977. A hearing was conducted on May 19, 1977, at which time the trial court entered an order revoking the suspended sentence and from said order an appeal has been perfected to this Court.

At the revocation hearing, George Lindley testified that he was employed as an officer with the Probation and Parole Division of the Department of Corrections. He was assigned to supervise the defendant in July of 1975. He went to an address at 2251 Northwest First Terrace and spoke to a woman who identified herself as defendant's mother. She informed him that she did not know where the defendant was living or when she would hear from him. She thought he was living in South Oklahoma City. He left a card with a message for the defendant to contact him. He subsequently wrote a letter to the same address. He did not get any response from the defendant and subsequently filed a violation report. He further testified that the defendant had not paid the court costs or probation fees.

The defendant testified that he got out of the penitentiary on July 30, 1975. He was presently employed at a service station and had previously been employed as a mechanic at a used car lot and garage. He denied receiving a memorandum from the Department of Corrections informing him to report to the probation officer. He remembered signing "something like" a summary of facts when he entered a plea of guilty. He did not receive a letter from the probation office nor did his mother tell him that he was on probation. The trial court thereupon ruled that the defendant had violated the terms of his suspended sentence by failing to report to the probation officer, failing to report change of address to the probation officer, and failing to pay the court costs and probation fees.

Defendant asserts in the first assignment of error that there was no evidence introduced to the effect that the defendant was informed that "he was to be on supervised probation," nor was there sufficient evidence introduced to show his wilful failure to pay the court costs. We are of the opinion that the defendant's first assertion that he was not informed that he was to be on supervised probation is wholly without merit. The summary of facts of which the trial court took judicial notice and which was subsequently introduced into evidence specifically set forth the requirement of reporting to a corrections officer as a condition of defendant's suspended sentence. The defendant acknowledged that he understood and accepted the terms of the suspended sentence by executing the summary of facts. See *Ziegler v. State,* Okl.Cr., 513 P.2d 321 (1973). The Department of Corrections had no duty or responsibility to contact the defendant and remind him of the conditions of probation however they made a diligent effort to do so. A memorandum was sent to the defendant prior to his release from the institution to which he was incarcerated. A corrections officer went to his last known address and left a note with his mother. A subsequent letter was mailed to the defendant at the same address.

Inasmuch as we have found that the defendant violated the terms of his suspended

sentence by failure to report, we do not deem it necessary to discuss the second proposition under this assignment of error that he wilfully failed to pay the court costs.

 Defendant contends in his final assignment of error that the trial court abused its discretion in ordering the suspended sentence revoked for the reason that the totality of the circumstances does not warrant revocation in whole. We must again disagree. The condition that defendant report to a probation officer was one of nine conditions of probation to which the defendant agreed to accept. Each condition is separate, distinct and important and will not be categorized by this Court as being technical or non-technical. In *Fain v. State*, Okl.Cr., 503 P.2d 254 (1972), we stated:

"We find no merit to defendant's first contention that the evidence was insufficient to support revocation. It is apparent that the court had before it competent evidence from which it could conclude that the defendant had violated the conditions of his probation. Although the evidence may not have established heinous criminal action by the defendant, it need only be shown by [a] preponderance of the evidence that the conditions of probation had been violated in order to warrant revocation. *Carson v. State*, Okl.Cr., 493 P.2d 1397 (1972). The decision to grant probation lies with the trial court and thus, the decision to revoke also lies with the trial court, which may do so in its sound discretion in accord with statutory requirements and considerations of fundamental fairness. *In re Collyar*, Okl. Cr., 476 P.2d 354 (1970). 22 O.S.1971, § 991b."

The Order Revoking the defendant's suspended sentence is

AFFIRMED.

CORNISH and BRETT, JJ., concur.