Kenneth Eugene LUMAN, and James
Haskell Luman, Appellants,

v.

The STATE of Oklahoma, Appellee.

Nos. F–78–624, F–78–625.

Court of Criminal Appeals of Oklahoma.

June 8, 1981.

James W. Fransein, Tulsa, for appellants.

Jan Eric Cartwright, Atty. Gen., Michael Avant-Pybas, Asst. Atty. Gen., State of Oklahoma, Oklahoma City, for appellee.

## MEMORANDUM OPINION

CORNISH, Judge:

The appellants, James Haskell Luman and Kenneth Eugene Luman, were convicted of Unlawful Cultivation of Marijuana and Unlawful Possession of Marijuana With Intent To Distribute in the District Court of LeFlore County.

Sheriff Kirkland, of LeFlore County, received an anonymous telephone call stating that a substance believed to be marijuana, surrounded by a cornfield, was growing on the Luman place. On September 3, 1977, the sheriff and his deputy drove to the farm. Approximately three hundred feet away from the cornfield, the sheriff observed what he believed to be marijuana protruding above the corn. Before departing, he went through a barbed wire fence and two gates to take a sample plant.

On September 22, 1977, the sheriff secured a warrant to search the Luman property. Execution of the warrant netted several large bags of marijuana and over two thousand marijuana plants ranging from three to twelve feet in height. A later search pursuant to a warrant issued September 25, 1977, netted six barrels, two chest freezers, and several paper bags of

marijuana from a structure beside the barn. The processed marijuana was later determined to be about six to seven hundred pounds. In addition, eight to ten large dump trucks full of cultivated marijuana plants were hauled away.

It is first argued that the initial intrusion onto the appellants' land was in violation of the Fourth Amendment's prohibition against an unreasonable search and seizure. The appellants' second proposition also involves a Fourth Amendment question concerning whether the cornfield was within the curtilage, therefore, the two arguments will be considered together.

 The curtilage area, historically considered as an extension of a man's house, has Fourth Amendment protection against unreasonable search and seizure. Curtilage includes all outbuildings used in connection with a residence, such as garages, sheds, barns, yards and lots connected with and in close vicinity of the residence, but open pasture and wooded area beyond fenced residential property does not constitute part of curtilage, *Hunsucker v. State*, 475 P.2d 618 (Okl.Cr.App. 1970). Interpreting Oklahoma law, the Tenth Circuit Court of Appeals reported these factors to determine the curtilage area: (1) proximity or annexation to the dwelling; (2) inclusion in the general enclosure surrounding the dwelling; and (3) use and enjoyment as an adjunct to the domestic economy of the family. *Care v. United States*, 231 F.2d 22 (10th Cir. 1956).

 Review of the record and the law indicates that the site of the sheriff's seizure of a sample plant from the four to five acre patch of marijuana was not curtilage. Therefore, the search and seizure was not unreasonable. Since the site of the search and seizure was outside the curtilage, the open field doctrine [1] applies, and no search warrant was required for the sheriff's initial entry.

Complaint is next made that the search warrant and the affidavit upon which it was based were insufficient to justify the second search because of two "flaws" in the affidavit: (1) the anonymous source of in-

1. *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924).

formation was insufficient to obtain a warrant; and (2) erroneous information was alleged in the affidavit, namely, that Lena Luman owned the property with J. H. Luman, while in fact she had been dead for six years.

■ While *Aguilar v. State of Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), requires more than an anonymous tip to obtain a search warrant, its requirements for reliability and conclusionary validity in the affidavit were met by the sheriff's personal observation of plants he believed to be marijuana growing in the cornfield. Therefore, there was sufficient basis for the magistrate to make a factual determination that probable cause existed to issue a search warrant, and this argument is without merit. The erroneous inclusion of Lena Luman as co-owner of the property was not a fatal flaw. *Stevens v. State*, 540 P.2d 1199 (Okl.Cr.App. 1975).

■ The final proposition of error is that the punishment was excessive. We find this argument to have merit only with respect to the fines imposed. Under the Uniform Controlled Dangerous Substances Act, 63 O.S.Supp. 1980, § 2–101, *et seq.*, the applicable penalty section, 2–401 B.2, authorizes punishment up to ten (10) years' imprisonment and a maximum fine of five thousand dollars ($5,000) for the cultivation (manufacture) of marijuana. Therefore, in Case No. CRF–77–167 for Unlawful Cultivation of Marijuana, ten (10) years' imprisonment each for James and Kenneth Luman was proper, but both the Ten Thousand Dollar ($10,000) fine for James and the Fifteen Thousand Dollar ($15,000) fine for Kenneth exceed the statutory maximum of five thousand dollars ($5,000). Therefore, the fine portion of the sentences should be reduced to Five Thousand Dollars ($5,000) each. The judgments and sentences are therefore AFFIRMED AS MODIFIED.

BRETT, P. J., and BUSSEY, J., concur.