Michael Eugene ARNETT, Richard Erick Arnett, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–80–284.

Court of Criminal Appeals of Oklahoma.

Jan. 7, 1982.

Bob Ward, Guthrie, for appellants.

Jan Eric Cartwright, Atty. Gen., Rozia Marie McKinney, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Michael Eugene Arnett and Richard Erick Arnett appeal from a conviction for Unlawful Delivery of Marijuana, in violation of Laws 1975, ch. 22, § 1, now 63 O.S.Supp.1980, § 2–401, in the District Court of Custer County, Case No. CRF–79–36. The trial court sentenced the appellants in accordance with the jury's verdict of three (3) years' imprisonment.

After the appellants were arrested, they pleaded guilty before the Honorable Charles Wilson. A presentence report was prepared that recommended probation for both defendants. However, Judge Wilson imposed a sentence of three (3) years. Thereafter, the appellants filed a motion to withdraw their guilty plea and a motion requesting that Judge Wilson disqualify himself because of his personal prejudice against the person who had prepared the presentence report. The motion to disqualify was denied, but the appellants were allowed to withdraw their guilty pleas. The Honorable Charlie W. Barton presided at the appellants' trial.

The sole issue raised on appeal alleges that reversible error occurred because Judge Wilson participated in the selection of Judge Barton contrary to the provisions of 20 O.S.Supp.1980, ch. 1, app. 2, rule 9 which states:

(e) No judicial officer of the district court who

  I.  is requested to disqualify,

  II.  has disqualified himself, or

  III.  has been ordered disqualified

in a case shall participate in the selection of another judicial officer for assignment to that case.

The appellants have presented no evidence to support their assertion that Judge

Wilson participated in the selection of Judge Barton. This Court will not consider alleged error not reflected in the record. *Knowlton v. State*, 574 P.2d 1059 (Okl.Cr. 1978).

Even assuming proof had been presented that Judge Wilson did participate in the selection of Judge Barton, there has been no demonstration of how such an act could have possibly prejudiced the substantial rights of the appellants. It is well established that, on appeal, the burden is on the defendants to demonstrate prejudice by reason of the alleged error. *Sallee v. State*, 544 P.2d 902 (Okl.Cr.1975).

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

BRETT, P.J., and CORNISH, J., specially concurring.

BRETT, Presiding Judge, specially concurring.

I concur in this decision, but admonish the appellants that they may apply to the trial court for further suspension of their sentences under the provisions of 22 O.S. 1971, § 994. Appellants have been authorized to leave the State of Oklahoma on several occasions and each time they have returned to the jurisdiction of the court. Subject to the earlier probation report and their conduct since the convictions were sustained, the trial court may be willing to consider such probation.

CORNISH, Judge, specially concurring.

It is interesting to note from the record that the attorney's attempts at disqualifying Judge Wilson or Judge Barton did not contain a single allegation of "bias or prejudice" which would question either judge's partiality in conducting proceedings against the appellants. The bald assertions and attacks on noncompliance with Rule 9 are not supported by the record and this issue does not rise to one of constitutional dimension. This writer further notes that the appellants have not argued or briefed on appeal any irregularities that might have occurred during the jury trial which was presided over by Judge Barton. The sole ground urged for reversal is patently frivolous.