**Lloyd KNOWLTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-77-293.**

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1978.

David B. Windham, Thompson & Windham, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

OPINION

PER CURIAM:

Appellant, Lloyd Knowlton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Kingfisher County, Case No. CRF–76–2, of the offense of Larceny of Merchandise From a Retailer, in violation of 21 O.S.1971, § 1731(D). His punishment was fixed by

the jury at one (1) year imprisonment. From this judgment and sentence a timely appeal has been filed.

The evidence may be summarized as follows. On January 22, 1976, the defendant and another man entered the OTASCO store in Hennessey, Oklahoma. They asked the saleslady, Kay Meek, about the availability of a Cadillac muffler. When told the muffler was not in stock, they turned and proceeded to leave the store. In doing so, they passed a display table on which chain saws were placed. As both men walked out the door, Ms. Meek noticed an empty spot on the display table. Outside the store the defendant and his companion walked at a hurried pace. As they walked toward their car, a gust of wind raised up the overcoat of the other man, exposing a chain saw being carried underneath. Ms. Meek observed the men enter a 1968 Oldsmobile automobile with license plate number LS–9615. The car headed east. The chain saw in question was a Pioneer, Model No. 1073, with a retail value of $169.95.

The police were notified by David Perigo, who was an employee of the store and whose testimony generally corroborated that of Kay Meek as to the previously described events. Later the same day, the defendant and his companion were arrested while driving through Crescent, Oklahoma, by Buddy Pool, Crescent Chief of Police. Chief Pool had received a call from the Logan County Sheriff to be on the lookout for the defendant's car. At this point both suspects were turned over to Kingfisher County officials. Meanwhile the automobile was impounded in a Guthrie garage. The following day it was searched in Guthrie by Kingfisher County Undersheriff Charles Lietzke and his deputy, accompanied by Logan County Deputy Sheriffs Bob Lee and J. C. Burns, pursuant to a search warrant issued by the Logan County District Court. A Pioneer chain saw, model number 1073, was recovered from the trunk of the vehicle. The defendant testified that he was unaware that his companion had taken the chain saw, and it was not until they were a mile out of Hennessey that he learned of the saw. He then tried to per-suade his companion to return it, but his efforts were rebuffed.

In his first assignment of error the defendant alleges the trial court erred in failing to grant his motion to suppress evidence. This assignment has four propositions. First, the defendant claims the arrest by Chief Buddy Pool was invalid because it was made outside the territorial limits of the City of Crescent; therefore, any evidence resulting from this arrest should not have been admitted into evidence.

■ In *Hill v. State,* Okl.Cr., 500 P.2d 1080 (1972), we held that an officer had sufficient probable cause to make an arrest based on the receipt of a radio message that a crime had been committed, and a description of the vehicle sought as well as its occupants. See also, *McKay v. State,* Okl. Cr., 472 P.2d 445 (1970). Also, in the case of *Hutson v. State,* 53 Okl.Cr. 451, 13 P.2d 216, 218 (1932), we held:

" . . . Outside the geographical limits of the officer's authority the officer acts as a private person, except it is generally held that in a fresh pursuit or in case of escape an officer need not stop at the boundary of his bailiwick.

"Surely it was never the intention of the Legislature to forbid arrest outside his county by a peace officer who is informed of the commission of a felony and who proceeds at once to the scene and within as short a space of time as shown by the evidence in this case pursues the person committing the crime. To say the officer in such a case shall not pursue beyond the boundary of his county is absurd . . ."

In the case at bar, Chief Pool received a call sufficiently describing the vehicle, whose occupants were wanted for questioning in regard to the commission of a felony. The question that we must determine is whether Chief Pool was in "fresh pursuit," so as to justify stopping the car outside the Crescent city limits. We are of the opinion that he was. His testimony on this point was as follows:

"Q [MR. EVANS] When did you turn the red light on this vehicle?

"A. As soon as I got close enough where I figured they could see it.

"Q. Did this defendant try to evade you or run from you?

"A. No. I don't believe he saw me for a little while. They never tried to evade me. As soon as he saw it and I recognized that he did, it pulled over. When he made the turn off Main Street, rather than hit the red light and siren and get caught in traffic, I took my time and waited through the traffic and got out on the highway and then stopped him."

Thus, from the testimony of Chief Pool it can be seen that the reason he waited before stopping the defendant's vehicle was to avoid traffic and to make a secure arrest. The length of time the defendant's vehicle was followed by Chief Pool was minimal. Also, Chief Pool did in fact begin the pursuit within the city limits. For all the above reasons we hold that the arrest in this case falls within the exception to the rule that a police officer only has jurisdiction within the territorial limits of his employer. This arrest was therefore valid, and the defendant's proposition is without merit.

▆ The second proposition by the defendant is that the evidence found in the trunk of the vehicle should have been suppressed because the search was not conducted by Logan County officials. In *Mitchell v. State,* 74 Okl.Cr. 416, 127 P.2d 211 (1942), this Court held that a search warrant must be executed by a peace officer of the county from which it is issued. The warrant in this case was issued by a Logan County magistrate and is addressed to "the Sheriff, or to any Deputy Sheriff, or Policeman of the County of Logan, State of Oklahoma." After initially examining the record, it was not clear whether Undersheriff Lietzke was accompanied by Logan County officials when he searched the vehicle, following defendant's arrest. Therefore, we ordered the Kingfisher County District Court to conduct an evidentiary hearing on this matter. The hearing was conducted on October

6, 1977, and an examination of the record shows conclusively that Logan County Undersheriff Boyd Fisher and Logan County Deputy J. C. Burns accompanied the Kingfisher County officials when the vehicle in question was searched. Therefore the requirements of *Mitchell v. State,* supra, were complied with. We find no merit to this proposition.

▆ The defendant's third proposition, as part of his first assignment of error, is that service of the warrant was improper because the defendant was served when he was released from the Kingfisher County jail, which was after the car was searched. A copy of the warrant was left in the car at the time of the search. A similar situation was presented in *Howe v. State,* 84 Okl.Cr. 279, 181 P.2d 571 (1947). There, the Court held that leaving a copy of the warrant in the car at the time the warrant is executed was sufficient service. It should be noted that *Howe* was based upon an interpretation of 37 O.S.1941, § 84, which has since been repealed. This statute was directed specifically to search warrants issued in connection with the then existing prohibition laws. Nevertheless, we feel there is no significant distinction between the search of a car for contraband liquor and one for stolen property. The general rules for the service and execution of the warrant should be the same in both situations. Since the defendant was not present with the vehicle when it was searched, personal service upon him was not an essential requirement of a lawful search. *Pennington v. State,* Okl. Cr., 302 P.2d 170 (1956). See also, 79 C.J.S. Searches and Seizures § 83f.

▆ Defendant's fourth proposition is that the search warrant was not properly executed because the chain saw seized bore a different serial number than that listed on the search warrant. We have previously held that an incorrect serial number on a search warrant will not invalidate a search if the property is otherwise sufficiently well described. *Pack v. State,* Okl.Cr., 529 P.2d 531 (1974). The warrant in the case at bar described the property as a "Pioneer chain saw, model number 1073." Undersheriff

Lietzke seized a Pioneer chain saw of this model number from the trunk of defendant's car. The discrepancy in the serial numbers was explained by Kay Meeks' testimony at an in camera hearing. She stated that the OTASCO Store had two empty boxes for this model chain saw, and she mistakenly gave the police the serial number off the wrong box. Under these facts, we believe the property in question was sufficiently described and hold this proposition to be without merit.

■ For his second assignment of error, the defendant alleges denial of a fair trial for the reason that one of the jurors slept through portions of the trial. This claim is not reflected in the record. Therefore, we cannot consider it. *Harrison v. State,* Okl. Cr., 461 P.2d 1007 (1969).

■ From the testimony of the Crescent Chief of Police, who arrested the defendant, one is led to believe that the defendant was telling the truth when he testified that he attempted to get the other man to return the saw. Chief Pool related that the defendant's vehicle turned off the highway and circled the block past the police station. He was asked, "Were they turning? Is that the regular highway?" to which he answered, "I don't know why he turned. He didn't have to. He could have went right on through town on 74." He also related that the car, which was being driven by the defendant, stopped as soon as the driver recognized the police vehicle behind him; and no resistance was offered at the time of the arrest. The record is also quite clear that the saw was picked up by the other man, who was observed carrying it out to the automobile; and there is no evidence that the defendant ever handled the saw.

Consequently, after a careful review of the entire record before this Court, it appears that this is one of the cases in which defense counsel is justified in applying for a suspended sentence under the provisions of 22 O.S.1971, § 994, within ten days from the date the mandate is issued herein. And, all circumstances being considered, including the conditions at the State penitentiary, it is the recommendation of this Court that an application for suspension should be carefully considered by the trial court.

Therefore, after considering all the assignments of error raised herein, it is the opinion of this Court that the conviction appealed from should be *AFFIRMED.*