**Doug MEADOWS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–300.**

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1982.

Rehearing Denied Jan. 5, 1983.

Duane Miller, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Eric Hermansen, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Meadows, was convicted in a non-jury trial in Oklahoma County District Court on three counts of Unlawful Distribution of a Controlled Dangerous Substance. He was found guilty of two counts of Unlawful Distribution of Marijuana and one count of Unlawful Distribution of L.S.D. He was sentenced to five (5) years' imprisonment on each count with the sentences to run concurrently.

On appeal, Meadows challenges the legality of his arrest. He contends that the investigation and subsequent drug purchase by a municipal officer acting outside of his territorial jurisdiction was a subterfuge and thus illegal. We disagree.

On January 29, 1981, Officer Thompson, of the Mustang Police Department, was working undercover narcotics. He stated that he was pursuing a case which originated in Canadian County, the county in which Mustang is situated. The Canadian County case involved a suspect, Larry Ruth, who was suspected of conspiring to distribute controlled dangerous narcotics in Canadian County. Officer Thompson was acting under instructions to pursue any drug case's which affected Canadian County, no matter where they ultimately lead.

Officer Thompson, acting undercover, contacted Ruth and convinced him that he needed to purchase a quarter pound of marijuana. Ruth, unaware that Thompson was a Mustang police officer, arranged to purchase a quarter pound of marijuana. Ruth and Thompson drove to Meadows' apartment in Oklahoma City. Once at the apartment, Ruth introduced Thompson to Meadows and informed him that they wanted to purchase some marijuana. Meadows produced a quarter pound of marijuana and Thompson paid him a hundred and thirty-five dollars.

On February 14, 1981, Ruth and Officer Thompson purchased another quarter pound of marijuana from Meadows. The next day, February 15, 1981, Ruth and Officer Thompson made a third drug purchase from Meadows at his apartment. On this occasion they bought a hundred tablets of L.S.D.

Officer Thompson testified that the information he obtained through his undercover work was given to the Oklahoma County District Attorney's office. He further stated that an arrest warrant was issued several months after his drug purchases from Meadows. Meadow's arrest warrant was served by Deputy Cunningham and Deputy McPherson of the Oklahoma County Sheriff's office. Officer Thompson testified that he did not make the actual arrest.

In *Graham v. State,* 560 P.2d 200 (Okl.Cr. 1977), this Court expressed the general rule that a police officers' authority or power does not extend beyond his jurisdiction. In *Graham v. State,* supra, we dealt with the issue of whether police officers acting outside their jurisdiction and acting under color of law could conduct a warrantless search. The *Graham* Court concluded under the facts of that case, the entry and warrantless search was invalid.

In this case, Officer Thompson did not conduct a warrantless search nor did he effectuate an arrest outside his jurisdiction. He was merely investigating illegal drug activities that were brought to his attention, while he was acting within his jurisdiction. Generally, a police officer's authority outside his jurisdiction is no greater than that of a private citizen. See *Cooper v. State,* 510 P.2d 983, 986 (Okl.Cr.1973). Here, we find that Officer Thompson was acting as a private citizen. During the entire drug investigation Officer Thompson was not acting under color of law. He did not hold himself out as a police officer. At no time during his investigation did any of the participants know Thompson's official identity. See *State v. Filipi,* 297 N.W.2d 275 (Minn.1980). Thompson's activities were no different from what a private citizen could have done had he been informed of possible illegal drug activities. Thompson, while acting as a private citizen, investigated the source of the drug distribution and informed the local law enforcement authorities about the criminal activities.

Based upon Thompson's information, the Oklahoma County Sheriff's Office obtained an arrest warrant and effectuated a lawful arrest within their jurisdiction. Therefore, we hold that Meadows' arrest was lawful.

Accordingly the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.