**C.O. GUTHRIE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–525.**

Court of Criminal Appeals of Oklahoma.

Aug. 9, 1983.

Gregory Meier, Lloyd Payton, Muskogee, Attorneys for appellant.

Jan Eric Cartwright, Atty. Gen., Patrick W. Willison, Asst. Atty. Gen., for appellee.

Michael Turpen, Atty. Gen., John Walton Asst. Atty. Gen., Attorneys for appellee At Oral Argument.

## OPINION

CORNISH, Judge:

On September 13, 1980, Muskogee city police officers and Oklahoma Highway Patrolmen served a search warrant at a location near the town of Wainwright, Oklahoma. The site is within Muskogee County, but outside the corporate limits of the City of Muskogee. The subsequent search of a field and small house resulted in the seizure of a quantity of marijuana.

Appellant was thereafter convicted of Unlawful Cultivation of Marijuana and Unlawful Possession of Marijuana With Intent to Distribute. He was sentenced to five (5) years' imprisonment on each charge with the last three (3) years' suspended, to run concurrently. He was also fined a total of fifteen thousand dollars ($15,000).

Two issues are presented on appeal. The first involves appellant's contention that the affidavit for the search warrant improperly included facts discovered by the affiant, a Muskogee city policeman, while outside the jurisdiction of his employer. This contention is based on the following facts: At 11:00 p.m. or 12:00 midnight on the evening of August 12, 1980, the affiant met with a confidential informant at the property later subjected to search. The officer was unable to see anything from the roadway due to darkness. However, he recorded appellant's name from a mail box on the property before returning to Muskogee. He obtained the search warrant early the next morning using the statements of the informant and the name from the mail box.

██ We have recognized the general rule that a police officer's authority cannot extend beyond his jurisdiction, i.e., the city limits of his employer. See *Graham v. State,* 560 P.2d 200, 203 (Okl.Cr.1977). Outside the geographical limits of the officer's authority, he acts as a private person, absent some established exception to the rule, such as fresh pursuit, or pursuit of an escapee. See *Knowlton v. State,* 574 P.2d 1059, 1061 (Okl.Cr.1978), quoting from *Hutson v. State,* 53 Okl.Cr. 451, 13 P.2d 216 (1932).

██ However, in the case at bar, the officer did not attempt to exercise any of the special powers of his office while visiting the property, and his actions were consonant with his status as a private person. Accordingly, we find that the affidavit for

the search warrant was not fatally defective.

The second issue arose at oral argument, and involves the validity of service of the warrant. The search warrant was directed to "ANY SHERIFF, OR POLICEMAN IN MUSKOGEE COUNTY, OKLAHOMA." In *Murphy v. State,* 95 Okl.Cr. 333, 245 P.2d 741 (1952), we indicated that a municipal policeman may not serve a search warrant outside the municipality, while in *Mitchell v. State,* 74 Okl.Cr. 416, 127 P.2d 211 (1942), Syllabus 4, we suggested that a highway patrolman may not serve a search warrant unless expressly mentioned in the warrant.

The parties have addressed this issue by supplemental brief. Since we agree with the State's argument that a municipal police officer may serve a search warrant anywhere in the county when directed to do so in the warrant, we need not decide the authority of the highway patrolmen to serve the warrant in this case.

In *Graham,* this Court noted that statute or caselaw may create exceptions to the general rule that a policeman's authority ceases at the city limits. 560 P.2d at 203. Such an exception is discernible in the statutes governing service of search warrants. Title 22 O.S.1981, § 1225 provides that a magistrate, in a proper case, must issue a search warrant

> to a peace officer in his county, commanding him forthwith to search the person or place named, for the property specified, and to bring it before the magistrate, and also to arrest the person in whose possession the same may be found, to be dealt with according to law.

This section was amended in non-material respects by Laws 1982, c. 224, § 2.

Title 22 O.S.1981, § 1226 specifies the form of search warrant, including the injunction that the warrant be directed "To any sheriff, policeman or law enforcement officer in the County of _____." Finally, 22 O.S.1981, § 1227 provides that [a] search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer, on his requir-

ing it, he being present, and acting in its execution.

■ The clear import of these provisions is that the magistrate may direct search warrants to any sheriff, policeman or law enforcement officer in the county, and any officer so directed may serve the warrant. The broad language employed clearly suggests county-wide service by the officers named in the warrant. A statute must be held to mean what it plainly expresses, and where the language employed is clear and unambiguous no room is left for construction and interpretation. *Abshire v. State,* 551 P.2d 273 (Okl.Cr.1976); *Jones v. State,* 542 P.2d 1316 (Okl.Cr.1975).

The same conclusion was reached in *People v. Emanuel,* 87 Cal.App.3d 205, 151 Cal. Rptr. 44 (1978), construing statutory provisions nearly identical to §§ 1225–1227. See *Cal.Penal Code* §§ 1528–1530. In that case, police officers of one municipality were held to have properly served a search warrant in a second municipality within the same county. The court reasoned as follows:

> Penal Code section 1528, subdivision (a), requires a magistrate who is satisfied that probable cause exists to issue a search warrant "to a peace officer *in his county,* commanding him forthwith to search the person or place named. . . ." Section 1529 then specifies the mandatory form of the warrant, which shall begin as follows:
>
> "County of _____
>
> "The people of the State of California, *to any sheriff, constable, marshall, or policeman in the County* of _____ . . . . (Italics added.) Section 1530 next provides that "[a] search warrant *may in all cases be served by any of the officers* mentioned in its directions. . . ." (Italics added.)

It is impossible to avoid the common sense reading that these three statutes together authorize county-wide service of a valid search warrant. The plain meaning of the language of these statutes makes inevitable our holding that where, as here, a search warrant is properly is-

sued, the warrant may be served any place within the county by the officers named in its directions.

151 Cal.Rptr. at 48. We find this reasoning persuasive.

 We hold that a municipal police officer may properly serve a search warrant outside the municipality but within the county when mentioned in the direction in the warrant. It is unclear whether the search warrant in *Murphy v. State,* supra, was in fact directed to any "policeman" in the county. *Murphy* should not be read as inconsistent with the views expressed herein.

The judgment and sentence is AFFIRMED.

BUSSEY, P.J., and BRETT, J., concur.