**Jerry STALLER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–95–378.**

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1996.

Rehearings Denied Jan. 13, 1997.

---

Carl W. Longmire, Pryor, and William D. Lunn, Tulsa, for Appellant at trial.

William D. Lunn, Tulsa, for Appellant on appeal.

Ben Loring, District Attorney and Winston H. Connor, III, Assistant District Attorney, Jay, for the State at trial.

W.A. Drew Edmondson, Attorney General of Oklahoma and Patrick T. Crawley, Assistant Attorney General, Oklahoma City, for the State on appeal.

## SUMMARY OPINION

LUMPKIN, Judge:

Appellant Jerry Staller was tried by jury and convicted of Unlawful Delivery of Marijuana (63 O.S.Supp.1993, § 2–401), Case No. CF–94–22, in the District Court of Delaware County. The jury recommended as punishment thirty (30) years imprisonment and the trial court sentenced accordingly. Appellant raises the following propositions of error in support of his appeal:

I. Neither Senior Probation and Parole Officer Price nor City of Jay Police Officer Shambaugh had authority to organize and conduct a controlled drug buy in Delaware County, outside the City of Jay city limits.

II. The prosecution repeatedly commented on Appellant's right to remain silent.

III. The prosecutor intimidated all of Appellant's prospective witnesses by threatening to file perjury charges against them if they testified.

IV. The prosecutor's claim that he had been pushed by defense counsel in front of the jury was designed to arouse prejudice against Appellant.

V. The State failed to rebut evidence that a juror had improperly conversed with government officials and witnesses.

VI. The prosecutor improperly suggested before the jury that Appellant had committed other crimes.

VII. The prosecution's introduction of threats against its informant coupled with the court's warning of threats to the jurors prejudiced Appellant.

VIII. The prosecution refused to produce evidence that was favorable to the defense.

IX. A transcription of a tape recording introduced should not have been handed to the jury.

X. The court improperly ruled that evidence of other crimes would be admitted in rebuttal by the State if the defense put on any testimony.

XI. The prosecutor improperly invoked societal alarm in closing argument.

XII. The prosecutor improperly commented on evidence outside the record.

XIII. Cumulative error denied Appellant a fair trial.

After a thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that neither reversal nor modification is required under the law and evidence.

■ Having reviewed each of the propositions listed above, only one warrants discussion here. In his first proposition of error,

Appellant asserts that neither of the law enforcement officials involved in the drug buy, Senior Probation and Parole Officer Price and City of Jay Police Officer Shambaugh, had the authority to organize and conduct a controlled drug buy in Delaware County, outside the City of Jay city limits. Relying on *State v. Stuart,* 855 P.2d 1070 (Okl.Cr.1993), Appellant contends the affidavit for the arrest warrant was fatally defective because the evidence supporting it was obtained by peace officers either exercising the powers of their office outside their jurisdiction or conducting activities beyond the scope of their authority. The State argues that this Court should find *Stuart* is not applicable and asserts that under 70 O.S. 1991, § 3311, *et seq.,* every peace officer in the State of Oklahoma is certified by the State, not by the political subdivision for whom the officer is employed, and therefore is empowered to act anywhere in the State.

■ Initially, the State's reliance on 70 O.S.1991, § 3311, *et. seq.,* as well as 21 O.S. 1991, § 99; 11 O.S.1991, § 34–101 and 11 O.S.1991, § 27–113 is misplaced. These statutes, setting forth the general definitions of peace officers and the provisions of the Council on Law Enforcement Education and Training (CLEET), do not support the argument that a peace officer's powers are not limited by any jurisdictional boundaries within the State. The statutes provide that the commission to serve as a peace officer is issued by separate governmental entities, i.e. a particular town, city or county, which have geographical limitations on their jurisdiction. These governmental entities are not empowered with statewide jurisdiction. Therefore, they cannot empower a peace officer in their employ with greater powers than they have.

In *Stuart,* we upheld the general rule stated in *Graham v. State,* 560 P.2d 200, 203 (Okl.Cr.1977) that a peace officer's authority cannot extend beyond his jurisdiction.[1] While we affirm this rule, we find the facts of

---

**1.** While *Graham* cites no legal authority for this general rule, we find it is supported by case law holding that once outside the geographical limits of the officer's authority, he acts as a private person, absent some established exception to the rule such as fresh pursuit. *Guthrie v. State,* 668 P.2d 1147, 1148 (Okl.Cr.1983), citing to *Knowlton v. State,* 574 P.2d 1059, 1061 (Okl.Cr.1978) which quotes *Hutson v. State,* 53 Okl.Cr. 451, 13 P.2d 216, 218 (1932). *See also Cooper v. State,* 510 P.2d 983, 986 (Okl.Cr.1973) citing to *Hargus v. State,* 58 Okl.Cr. 301, 54 P.2d 211, 214 (1936).

the present case and the confusion some of the language in *Stuart* has caused warrants a further look at the case.

In *Stuart*, Sapulpa city police officers initiated an investigation into crimes occurring outside the city limits of Sapulpa. At all times they functioned as police officers, from the investigation to the purchase of controlled drugs to the execution of the search warrant, albeit the officers did have a Creek County deputy sheriff accompany them on the execution of the warrant. At the preliminary hearing, the magistrate found the city police officers had acted beyond their jurisdiction in conducting the controlled buy outside the city limits of Sapulpa. All evidence seized pursuant to the search warrant was suppressed.

The State appealed the magistrate's ruling. The District Court affirmed the magistrate's ruling, finding that the "Sapulpa police officers in conducting a controlled purchase of drugs at a house located outside the city limits, accompanied by an informant who made the actual buy, were exercising the special powers of their office, and were therefore outside of their jurisdiction." *Stuart*, 855 P.2d at 1072. The State appealed that ruling to this Court.

The State argued on appeal that the city police officers were not exercising the "special powers" of their office, but were merely acting as private citizens observing a drug transaction. This Court disagreed and found the affidavit for the search warrant was fatally defective because the evidence supporting it was obtained by officers exercising the powers of their office outside their jurisdiction. This Court found the city police officers "active role in arranging and monitoring a controlled purchase of narcotics" to be more than merely observing the transaction. *Id.* at 1073. Exercising the "special powers" of law enforcement outside of their jurisdic-

tion, in "a transaction which from its inception was outside [the officers'] jurisdiction", the Court found the officers were not acting as private citizens. *Id.* The Court further stated that under 63 O.S.1981, §§ 2–401, 2–402 and 2–408, private citizens were strictly prohibited from purchasing or attempting to purchase controlled substances. *Id.*

In the present case, the probation and parole officer and the City of Jay police officer arranged for a confidential informant to contact suspected drug dealers to schedule some "buy/walk" drug sales within the town of Jay. The confidential informant contacted Appellant by telephone and Appellant agreed to sell the informant several ounces of marijuana for seven hundred fifty dollars ($750.00). However, after the buy was arranged, Appellant refused to come to town so the informant went to Appellant's home, outside of town. The buy was eventually made at Appellant's mother's home, in the country outside the city limits of Jay. Prior to the buy, the informant had been wired with a listening device. The probation and parole officer and the city police officer waited in a separate vehicle near the buy site for the informant.

■■■ By conducting the drug buy outside the city limits of Jay, the officers were acting outside their jurisdiction.[2] We reaffirm the general rule that a peace officer's authority cannot extend beyond his jurisdiction. There are certain exceptions to this rule: 1) hot pursuit;[3] 2) when one municipality has requested the assistance of another municipality's officers;[4] and 3) service of an arrest warrant.[5] Otherwise, once outside the city limits of the municipality by which they are employed, the officer acts as a private citizen with no authority greater than that of a private citizen. *See State v. Ramsey*, 868 P.2d 709, 712 (Okl.Cr.1993); *Phipps v. State*, 841 P.2d 591, 593 (Okl.Cr.1992);[6] *Meadows*

---

2. While we recognize the initial contact with Appellant was part of a plan to make controlled buys within the jurisdiction of the Jay police officer, the transaction was actually completed outside the officer's jurisdiction.

3. *Graham v. State*, 560 P.2d 200, 203 (Okl.Cr. 1977), citing *U.S. v. Braggs*, 189 F.2d 367 (10th Cir.1951).

4. 11 O.S.1991, § 34–103.

5. 11 O.S.1991, § 27–113.

6. In *Phipps* the Court addresses, in part, the authority of a police officer to make an arrest outside his or her jurisdiction. In the present case, the propriety of the arrest is not an issue. Here, an arrest warrant was issued by the Dis-

*v. State,* 655 P.2d 556, 557 (Okl.Cr.1983), *overruled in part on other grounds, Stuart,* 855 P.2d at 1074.

We also reaffirm the principle enunciated in *Stuart* that private citizens are prohibited from purchasing controlled dangerous substances, even if the intent is to turn the substances over to the police. However, it appears through cases appealed to this Court since *Stuart* that this statement has caused some confusion. In an attempt to clarify this confusion we offer the following. Peace officers acting outside their jurisdiction or private citizens purchasing illegal substances have none of the statutory protections afforded law enforcement engaged in the same activity. The private citizen or peace officer acting outside his or her jurisdiction in that situation does so at his or her own peril and is potentially subject to criminal prosecution. The determination whether to prosecute is a decision for the district attorney.

Having found the officers in this case were outside their jurisdiction in conducting the drug buy does not completely answer the question before us. In *Stuart,* our analysis erroneously ended at this point. In *Stuart* we failed to address separately the distinct issues of the authority of the officer to arrest and the admissibility of any evidence seized or discovered. Merely because a peace officer has acted outside his or her jurisdiction and therefore as a private citizen does not render the discovery of illegal drugs insufficient to establish the probable cause necessary for arrest. Information received from and observations made by private citizens may be used in establishing the probable cause necessary for an arrest warrant. *See*

*Bennett v. State,* 652 P.2d 1237, 1242 (Okl.Cr. 1982).

Therefore, the observations of and the evidence seized by the peace officers in this case while acting as private citizens, were properly used in establishing probable cause for the arrest warrant. The officers continuously acted as private citizens and did not utilize either the color of law or their status to obtain the information submitted for probable cause to the magistrate. The warrant was issued to the Delaware County Sheriff who executed it within his jurisdiction. The marijuana purchased from Appellant was properly admitted evidence supporting the warrant for Appellant's arrest. Accordingly, this appeal is denied.

## DECISION

The Judgment and Sentence of the trial court is **AFFIRMED.**

JOHNSON, P.J., and CHAPEL, V.P.J., and LANE, J., concur.

STRUBHAR, J., dissents.

STRUBHAR, Judge, dissenting.

Relying on *State v. Stuart,* 855 P.2d 1070 (Okl.Cr.1993), I dissent to the majority decision and would find that *Stuart* requires this Court to reverse with instructions to dismiss the Appellant's conviction.

---

trict Court and served by the county sheriff. The holding in this case is limited to the discovery of evidence. We do not address the authority of a law enforcement officer to make an arrest outside of his or her jurisdiction. However, we note a law enforcement officer is not authorized or

permitted to arrest, seize or search citizens outside his or her jurisdiction under the color of law as set out in *Phipps.*