Dear Senator, Kenneth Corn,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:
 Do State Park Rangers have full police powers to respond to a criminal violation they witness outside the parks to which they are assigned?
¶ 1 This question deals with the scope of authority of State Park Rangers — specifically, what limitations, if any, affect the exercise of their police powers. A State Park Ranger iscertified as a Peace Officer in Oklahoma by the Council on Law Enforcement Education and Training ("CLEET"), 70 O.S. 2001 Supp. 2004, §§ 3311-3311.7. State Park Rangers obtain theirauthority from 74 O.S. 2001, § 1811.2[74-1811.2](A) which provides, in pertinent part:
 Park rangers, when commissioned, shall have all the powers of peace officers except the serving or execution of civil process, and shall have in all parts of the state the same powers with respect to criminal matters and enforcement of the laws relating thereto as sheriffs, highway patrolmen and police officers in their respective jurisdictions and shall possess all immunities and matters of defense now available or hereafter made available to sheriffs, the highway patrol, and police officers in any suit brought against them in consequence of acts done in the course of their employment, provided, however, they shall comply with the provisions of Section 3311 of Title 70 of the Oklahoma Statutes [CLEET statutes].
Id. (emphasis added).
¶ 2 That authority is limited by 74 O.S. 2001, § 1811.3[74-1811.3] which provides:
 Park rangers shall have jurisdiction over all parts and aspects of the parks, including the state lodges located therein, whether state operated or leased to private operators. However, the Division of Parks shall not acquire any control over the lodges thereby, and rangers shall enforce the rules and regulations of the Division of Lodges. Nothing herein shall preclude the calling in of county sheriffs or highway patrol should the need arise.
Id. (emphasis added).
¶ 3 In 74 O.S. Supp. 2004, § 1811[74-1811](A)(4), the Legislature granted the Tourism Department the authority to commission State Park Rangers:
 A. The Division of Parks shall, subject to the policies and rules of the Oklahoma Tourism and Recreation Commission:
. . . .
 4. Commission any officer or employee who is certified pursuant to Section 3311 of Title 70 of the Oklahoma Statutes as a park ranger as the Department deems necessary to secure the parks and property of the Department and to maintain law and order therein[.]
Id. (emphasis added).
¶ 4 The limiting statutory language, "shall have jurisdiction over all parts and aspects of the parks," (74 O.S. 2001, §1811.3[74-1811.3]) and "to secure the parks and property of the Department and to maintain law and order therein" (74 O.S. Supp. 2004, §1811[74-1811](A)(4)), shows intent by the Legislature to restrict State Park Rangers to exercising their police powers within the boundaries of the State Parks. The restrictive language would be meaningless and unnecessary had the Legislature intended to grant State Park Rangers statewide jurisdiction. "The legislature is never presumed to have done a vain [and useless] thing." Farrisv. Cannon, 649 P.2d 529, 531 n. 4 (Okla. 1982). "The primary goal of statutory construction is to ascertain and follow legislative intention. When the Legislature has clearly expressed its intent, the use of additional rules of construction are [sic] almost always unnecessary and a statute will be applied as written. In other words, the plain meaning of a statute's language is conclusive except in the rare case when literal construction produces a result demonstrably at odds with legislative intent." Barnhill v. Multiple Injury Trust Fund,37 P.3d 890, 895 (Okla. 2001).
¶ 5 Simply because State Park Rangers are certified pursuant to70 O.S. 2001 Supp. 2004, §§ 3311-3311.7 (CLEET statutes), they do not have statewide jurisdiction. In Staller v. State,
932 P.2d. 1136, 1138 (Okla.Crim. 1996), the court said:
 Initially, the State's reliance on 70 O.S. 1991, § 3311[70-3311], et. seq., [CLEET statutes] as well as 21 O.S. 1991, § 99[21-99] [defining peace officer]; . . . is misplaced. These statutes, setting forth the general definitions of peace officers and the provisions of the Council on Law Enforcement Education and Training (CLEET), do not support the argument that a peace officer's powers are not limited by any jurisdictional boundaries within the State. The statutes provide that the commission to serve as a peace officer is issued by separate governmental entities, i.e. a particular town, city or county, which have geographical limitations on their jurisdiction. These governmental entities are not empowered with statewide jurisdiction. Therefore, they cannot empower a peace officer in their employ with greater powers than they have.
Id. (emphasis added).
¶ 6 Likewise, 21 O.S. 2001, § 99[21-99], which defines peace officer, does not grant statewide jurisdiction. A peace officer's authority cannot extend beyond his jurisdiction. Staller,
932 P.2d at 1138. However, 21 O.S. 2001, § 99a[21-99a] allows peace officers, including State Park Rangers, certain "additional" authorities in the following circumstances:
 A. Subject to subparagraph C of this section in addition to any other powers vested by law, a peace officer of the State of Oklahoma as used in this section may enforce the criminal laws of this state throughout the territorial bounds of this state, under the following circumstances:
 1. In response to an emergency involving an immediate threat to human life or property;
 2. Upon the prior consent of the head of a state law enforcement agency, the sheriff or the chief of police in whose investigatory or territorial jurisdiction the exercise of the powers occurs;
 3. In response to a request for assistance pursuant to a mutual law enforcement assistance agreement with the agency of investigatory or territorial jurisdiction;
 4. In response to the request for assistance by a peace officer with investigatory or territorial jurisdiction; or
5. While the officer is transporting a prisoner.
 B. While serving as peace officers of the State of Oklahoma and rendering assistance under the circumstances enumerated above, peace officers shall have the same powers and duties as though employed by and shall be deemed to be acting within the scope of authority of the law enforcement agency in whose or under whose investigatory or territorial jurisdiction they are serving. Salaries, insurance and other benefits shall not be the responsibility of a law enforcement agency that is not the employing agency for the officer.
C. A municipal peace officer may exercise authority provided by this section only if the officer acts pursuant to policies and procedures adopted by the municipal governing body.
Id.
¶ 7 The above statute does not grant unlimited authority to State Park Rangers to enforce all criminal laws at all times. It does, however, allow agencies to enter into agreements with other agencies which will, in effect, broaden both investigatory and territorial jurisdiction of those peace officers who have limited jurisdiction.
¶ 8 Therefore, under the above circumstances: when an emergency presents a danger to human life or property; with prior consent by the leader of a law enforcement agency with jurisdiction; pursuant to a compact with another law enforcement agency with jurisdiction; in response to a request by an officer with jurisdiction; or while transporting a prisoner, the State Park Ranger does have jurisdiction beyond the State Park boundaries. For example, if a State Park Ranger were traveling between parks and witnessed a car weaving erratically in traffic, that officer could investigate and possibly arrest if that situation presented an emergency involving an immediate threat to human life or property. Pursuant to 21 O.S. 2001, § 99a[21-99a], a State Park Ranger has, under certain circumstances, authority outside park boundaries. Barring such an emergency or other recognized exception, "[an] officer acts as a private citizen with no greater authority than that of a private citizen." United Statesv. Sawyer, 92 P.3d 707, 709 (Okla.Crim. 2004).
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 State Park Rangers are granted police power by 74 O.S. 2001, § 1811.2(A). Their jurisdiction is limited to the area within the park boundaries by 74 O.S. 2001 § 1811.3[74-1811.3]. The State Park Rangers' authority to respond to a criminal violation they witness outside the parks to which they are assigned is limited and set out in 21 O.S. 2001, § 99a(A): when there is "an emergency involving an immediate threat to human life or property"; with "prior consent of the head of a state law enforcement agency" with jurisdiction; pursuant to a compact with another law enforcement agency with jurisdiction; "[i]n response to the request for assistance by a peace officer" with jurisdiction; or "[w]hile the officer is transporting a prisoner." However, barring such an emergency or other recognized exception,[1] "[an] officer acts as a private citizen with no greater authority than that of a private citizen." United States v. Sawyer, 92 P.3d 707, 709 (Okla.Crim. 2004).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 CLAUDIA CONNER Assistant Attorney General
[1] A recognized exception to the general rule that a peace officer's authority cannot extend beyond his jurisdiction exists when an officer is in hot pursuit. See Graham v. State,560 P.2d 200, 202 (Okla.Crim. 1977) ("If a police officer is in hot pursuit of a person who has committed an unlawful act within his jurisdiction, then such police officer is, of necessity, permitted to go outside his jurisdiction to apprehend such person.)."