Dear Representative Covey,
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Under the provisions of the Oklahoma Mandatory Seat Belt Use Act, specifically, 47 O.S. Supp.2006, § 12-417(E), are municipal courts allowed to impose municipal fines in addition to the twenty dollars specified in the statute?
 2. May county law enforcement enforce 47 O.S. Supp.2006, § 12-417, which is silent regarding counties?
 AUTHORITY OF MUNICIPAL COURTS
The Oklahoma Constitution provides in relevant part that:
 Municipal Courts in cities or incorporated towns shall continue in effect and shall be subject to creation, abolition or alteration by the Legislature by general laws, but shall be limited in jurisdiction to criminal and traffic proceedings arising out of infractions of the provisions of ordinances of cities and towns or of duly adopted regulations authorized by such ordinances.
OKLA. CONST. art. VII, § 1. Municipal courts only have such powers as are granted by the Legislature and have jurisdiction to hear only cases and controversies that involve municipal ordinances. 11 O.S. 2001 
Supp.2006, §§ 27-103, 28-102(A). The Mandatory Seat Belt Use Act ("Act"), 47 O.S. 2001 Supp.2006, §§ 12-416 — 12-420, grants municipalities explicit authority to impose municipal fines and enact ordinances that prohibit and penalize conduct under the provisions of the Act. See 47 O.S. Supp.2006, § 12-417(E), (F).
Title 47 O.S. Supp.2006, § 12-417 provides in pertinent part as follows:
 A. 1. Every operator and front seat passenger of a passenger car operated in this state shall wear a properly adjusted and fastened seat belt system, required to be installed in the motor vehicle when manufactured pursuant to 49 C.F.R., Section 571.208.
 . . . .
 E. Fine and court costs for violating the provisions of this section shall not exceed Twenty Dollars ($20.00).
 F. Municipalities may enact and municipal police officers may enforce ordinances prohibiting and penalizing conduct under provisions of this section, but the provisions of those ordinances shall be the same as provided for in this section, and the enforcement provisions under those ordinances shall not be more stringent than those of this section.
Id. (emphasis added).
If a municipality enacts an ordinance pursuant to Section 12-417, subsection (E) limits the amount of the fine. Municipal courts shall not exceed the twenty-dollar limit by creating additional fines and penalties outside the statutory authority expressed above. Id. "[W]here a statute is plain and unambiguous, it will not be subject to judicial construction, but will be given the effect its language dictates." BlitzU.S.A., Inc. v. Okla. Tax Comm'n, 75 P.3d 883, 888 (Okla. 2003).
Section 12-417(A)(1) of Title 47is a law of statewide concern, as it applies to "[e]very operator and front seat passenger of a passenger car operated in this state." Id. (emphasis added). In matters of statewide interest rather than purely local concern, State law will supersede conflicting city charter provisions. See A.G. Opins. 91-1, at 10-11, 12; 04-15,[1] at 85.
 COUNTIES RESTRICTED TO JURISDICTIONAL ENFORCEMENT
Unlike cities and towns, counties do not have statutory or constitutional authority to enact regulatory legislation. See OKLA. CONST. art. XVII; 19 O.S. 2001 Supp.2006, §§ 1 — 8. The district courts of the State of Oklahoma "are the successors to the jurisdiction of all other courts" and have jurisdiction over "proceedings for the violation of state statutes." 20 O.S. 2001, § 91.1[20-91.1]. Accordingly, counties enforce the Act through the district courts.
Title 19 O.S. Supp.2006, § 516(A) states that "[i]t shall be the duty of the sheriff, undersheriffs and deputies to keep and preserve the peace of their respective counties." Id.; see also Staller v. State,932 P.2d 1136, 1138 (Okla.Crim. 1996) (stating "the commission to serve as a peace officer is issued by separate governmental entities, i.e. a particular town, city or county, which have geographical limitations on their jurisdiction"). Accordingly, county law enforcement officers are to enforce the laws of the jurisdictions in which they serve, and have the authority to enforce the Act within their respective jurisdictions.
 It is, therefore, the official Opinion of the Attorney General that:
 1. Municipalities may assess fines and enact ordinances that prohibit and penalize conduct under the provisions of 47 O.S. Supp.2006, § 12-417 (Mandatory Seat Belt Use Act), as long as fines and court costs do not exceed the Twenty Dollar ($20.00) cap provided for in subsection (E).
 2. County law enforcement officers may enforce the Mandatory Seat Belt Use Act in the District Courts. 20 O.S. 2001, § 91.1[20-91.1].
W.A. DREW EDMONDSON Attorney General of Oklahoma
TRICIA L. EVEREST Assistant Attorney General
[1] Citing City of Tulsa v. Pub. Employees Relations Bd., 845 P.2d 872,875 (Okla. 1990) (stating charter provisions "will not prevail over those conflicting statutory provisions which concern a statewide public interest").