**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 26, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOMMIE JOE MOORE,

      Petitioner - Appellant,

v.

TRACY McCOLLUM, Warden,

      Respondent - Appellee.

No. 16-6167
(D.C. No. 5:14-CV-00533-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

Before the district court Tommie Moore sought collateral relief from his Oklahoma drug crime convictions on a variety of grounds. That court found most of his claims procedurally defaulted because Mr. Moore could have, but didn't, raise them on direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). Viewing his *pro se* petition with the solicitude it is due, we don't read Mr. Moore as contesting this finding. Instead, we understand him to focus on one claim

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

everyone agrees isn't procedurally defaulted: the claim that his appellate lawyer provided ineffective assistance by failing to argue that his *trial counsel* should have raised various objections before or during trial. The Oklahoma Court of Criminal Appeals (OCCA) rejected this claim on the merits and the district court found no lawful basis to disturb that result.

Indeed, with respect to most of Mr. Moore's ineffective assistance arguments the district court not only found relief unwarranted but also denied a certificate of appealability (COA). So it is that, to pursue these arguments, Mr. Moore must (and does) renew his request for a COA here. To win one, he must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006).

That much we do not believe he can do. Mr. Moore says his appellate counsel should have argued that the initial search of his house, conducted on February 21, 2011, was based on an invalid warrant. The warrant was invalid, he claims, because it was based on information gleaned from a sting operation in which a private citizen served as a drug buyer. But as the district court noted, no law bars the use of such information. *Staller v. State*, 932 P.2d 1136, 1140 (Okla. 1996). Mr. Moore suggests his appellate lawyer should have argued that prosecutors violated his due process rights by charging him with a drug

trafficking offense only after he had exercised his right to go to trial, which he claims was retaliatory. But to prevail on this theory, he must show that "his trial, as a whole . . . [was] fundamentally unfair," a high demand that the record here will not sustain. *Maes v. Thomas*, 46 F.3d 979, 987 (10th Cir. 1995).

Having said this much, we recognize the district court did grant a COA on one aspect of Mr. Moore's ineffective assistance claim: appellate counsel's purported failure to contest trial counsel's failure to seek the suppression of evidence from a second, February 25, 2011, search of Mr. Moore's property. Four days before this search, law enforcement found drugs on Mr. Moore's property and arrested him. While in jail, Mr. Moore placed a phone call to Laveta Baker, asking her to stay at his house and search the grounds for items to sell on his behalf. Officer Justin Scott intercepted these calls and, believing them to be a coded message to sell drugs, he returned to Mr. Moore's property, without a warrant, and there found Ms. Baker. Officer Scott testified that he confronted Ms. Baker about the phone calls — and that when he did, Ms. Baker voluntarily took him, in a golf cart, to a location in the woods near Mr. Moore's house where a plastic box was secreted. At this point, Officer Scott secured a warrant to search the box and soon found drugs.

To establish ineffective assistance arising out of this incident, Mr. Moore must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). What's more, because this case arises on collateral

review and the OCCA ruled on the merits of this *Strickland* claim in a state postconviction proceeding, this court may only intercede to afford Mr. Moore relief if the OCCA's *Strickland* analysis — concluding Mr. Moore suffered no prejudice from his appellate lawyer's performance — was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). So in determining if appellate counsel was ineffective based on failure to raise an issue "we look to the merits of the omitted issue," *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001), doing so through the doubly deferential lens that AEDPA and *Strickland* prescribe.

Applying these standards, we agree with the district court that Mr. Moore is not entitled to relief. Mr. Moore claims that Officer Scott came onto his property without a warrant and so violated the Fourth Amendment. But where, as here, an officer's purpose in entering a property is to conduct a "knock and talk," the Supreme Court has held he enjoys a license to do just that. *Florida v. Jardines*, 133 S. Ct. 1409, 1415-16 (2013). Mr. Moore suggests that officers never told Ms. Baker she had the right to refuse to consent to the search. But they were not required to. *Schneckloth v. Bustamonte*, 412 U.S. 218, 232-33 (1973). Mr. Moore claims that Ms. Baker did not voluntarily cooperate with police or have authority to authorize a search of his property. But Officer Scott testified that he did, in fact, receive Ms. Baker's consent, and under settled law an overnight guest need

have merely the "apparent authority" to consent to a search. *United States v. Kimoana*, 383 F.3d 1215, 1221 (10th Cir. 2004). In that light and like the district court before us, we are unable to say that the OCCA's conclusion that appellate counsel provided constitutionally effective assistance when omitting these arguments on direct appeal was contrary to or an unreasonable application of federal law as determined by the Supreme Court.

The district court's rulings concerning the February 25, 2011 search are affirmed. We deny Mr. Moore's COA application to challenge the other district court rulings he has contested, as well as his motion to appoint counsel. This matter is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge